# IN THE COURT OF APPEALS OF IOWA

No. 19-1359
Filed October 9, 2019

**IN THE INTEREST OF Q.N.,**
**Minor Child,**

**B.K., Mother,**
 Appellant,

**J.N., Father,**
 Appellant.
_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

Parents separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Bryan J. Tingle, Des Moines, for appellant mother.

Terzo R. Steves, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

The child came to the attention of the Iowa Department of Human Services (DHS) in early May 2018 when the child tested positive for methamphetamine and amphetamines at birth. The mother has a long history of substance abuse, criminal activity, and founded child-abuse assessments as to her other two children, who are not in her care.[1] The mother refused to cooperate with DHS. On May 4, the juvenile court entered an order removing the child from the parents' care and placing him in the legal custody of DHS.[2] The child was placed with his paternal grandmother a week later but was placed with his paternal aunt and uncle in July because the grandmother could no longer care for the child.[3] The child was adjudicated a child in need of assistance.

The mother completed substance-abuse treatment in June but tested positive for methamphetamine and amphetamines in July. The father tested negative for drugs in July, but his continuing sobriety could not be verified because he largely evaded or obstructed drug testing thereafter. The mother again tested positive for the substances on two occasions in August and a third occasion in September. The mother agreed to engage in substance-abuse treatment. She again tested positive for illegal substances upon her entry into treatment in October. The mother provided clean drug tests while in treatment. She was released from treatment at the end of November.

---

[1] The mother's other two children were previously placed in a guardianship with their maternal grandfather and step-grandmother.

[2] The parents and child could not be located at this time. They were ultimately located on May 9 in the home of a known drug user, whom the father had been living with for some time.

[3] In its August dispositional order, the court placed the child in the legal custody of the paternal aunt and uncle.

The mother participated in aftercare and continued to provide negative urinalysis screens. However, it was reported the mother was cleansing her system prior to her aftercare appointments. In February 2019, the mother tested positive for methamphetamine; the father tested positive for methamphetamine and amphetamines. The mother discontinued attending her aftercare appointments thereafter. The father declined to undergo a substance-abuse evaluation and refused further drug testing. DHS requested the mother to return to treatment; she responded "What's the point?" The mother admitted in her testimony at the termination hearing that she used methamphetamine again in March.

In April, the State petitioned for termination of both parents' parental rights. Following a termination hearing in June, the juvenile court terminated the parental rights of both parents under Iowa Code section 232.116(1)(h) (2019). Both parents appeal. They each challenge the sufficiency of the evidence supporting the statutory ground for termination cited by the juvenile court, argue termination is not in the best interests of the child due to the closeness of the parent-child bonds, maintain the court should have applied the statutory exception to termination contained in Iowa Code section 232.116(3)(a) and (c), and request a six-month extension to work toward reunification.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

As to the statutory ground for termination cited by the juvenile court, the parents only appear to challenge the State's establishment of the final element—

that the children could not be returned to their care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). The mother unequivocally testified at the termination hearing the child could not be returned to her care at that time. The evidence is clear and convincing that both parents have unresolved substance-abuse issues and neither is willing to commit to treatment to alleviate the same. A de novo review of the record discloses that returning the child to the parents' care at the present would expose the child to a risk of adjudicatory harm. *See In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995) (noting children cannot be returned to their parents' care if they would remain in need of assistance or would be at risk of adjudicatory harm), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We conclude the state met its burden for termination under section 232.116(1)(h).

We turn to the child's best interests. Each parent argues termination is contrary to the best interests of the child, *see* Iowa Code § 232.116(2), due to the closeness of the parent-child bond. *See id.* § 232.116(3)(c). We choose to separately address the best-interests and statutory-exception issues. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2019) (discussing three-step termination framework); *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (same).

In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical,

mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The child has been out of the parents' care his entire life, more than a year at the time of the termination hearing. The parents have simply failed to progress to a point where this child can be returned to the care of either or both of them. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *P.L.*, 778 N.W.2d at 39). We conclude these parents have been given enough time to get their affairs in order and this child's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). The child is in a relative placement that is willing and has been approved to adopt. The child is integrated into this familial setting and is thriving. Continued stability and permanency in this home are in this child's best interests. *See* Iowa Code § 232.116(2)(b); *cf. In re M.W.*, 876 N.W.2d 212, 224–25 (2016) (concluding termination was in best interests of children where children were well-adjusted to placement, the placement parents were "able to provide for their physical, emotional, and financial needs," and they were prepared to adopt the children).

Next, the parents argue for the application of the statutory exceptions to termination contained in Iowa Code section 232.116(3)(a) and (c). The application of the statutory exceptions to termination is "permissive, not mandatory." *M.W.*, 876 N.W.2d at 225 (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). As to

the latter provision, we find the parents failed to meet their evidentiary burden to show "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." *See A.S.*, 906 N.W.2d at 476 (noting the parent bears the burden to establish an exception to termination). As to both exceptions, we conclude their application would be contrary to the child's best interests, which is our principal concern. *See J.E.*, 723 N.W.2d at 798.

We turn to the parents' request for a six-month extension. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." The juvenile court was unable to make such a finding. Upon our de novo review of the record, and given these parents' past performance, neither are we. Consequently, we affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**